**SBAITI & COMPANY PLLC**
Michał Zapendowski, Esq.
Texas Bar No. 24075328
*Admitted Pro Hac Vice*
Griffin S. Rubin
Texas Bar No. 24121809
*Admitted Pro Hac Vice*
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: jmz@sbaitilaw.com
E: gsr@sbaitilaw.com

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
D. Chris Albright, Esq.
Nevada Bar No. 004904
801 S. Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: (702) 384-7111
F: (702) 384-0605
E: dca@albrightstoddard.com

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRIGID RENTALS, INC., | § | Case 2:21-CV-01176-JCM-VCF |
| *Plaintiff*, | § § § § | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)** |
| vs. | § § § § | |
| EPIC WORLDWIDE LLC D/B/A EPIC WORLDWIDE MEDIA, | § § § | |
| *Defendant*. | § | |

The United States District Court for the District of Nevada presents its compliments to the Ontario Superior Court of Justice in Toronto in the Province of Ontario, Canada, and requests judicial assistance to compel the attendance of a witness at an oral deposition and the production of documents to be used in a civil proceeding before this Court in the above-captioned matter. This Court has the authority to grant this Letter Rogatory under 28 U.S.C. § 1781(b)(2).

This Court requests the assistance described herein as necessary in the interests of justice. Plaintiff Frigid Rentals, Inc. requires testimony and documents from James Johnstone ("Johnstone") in his capacity as representative of Giant Tiger Stores, Limited. Upon information and belief, Giant Tiger Stores, Limited maintains its main office in the city of Ottawa in the Province of Ontario, Canada.

## I.

## SUMMARY OF ACTION

This dispute arises out of a contract for goods and services between Plaintiff Frigid Rentals, Inc. ("Frigid" or "Plaintiff") and Defendant Epic Worldwide LLC ("Epic" or "Defendant"). In April 2019, Frigid alleges that representatives of Frigid and Epic agreed that Epic would provide various materials and services, including providing and installing decals for seventy-seven (77) trailers for Giant Tiger Stores, Limited ("Giant Tiger"), at a total cost of $420,247.60. Renaud Decl. **Ex. 1,** First Am. Compl., (ECF No. 17 at 3, ¶ 6). Frigid alleges that Giant Tiger later informed Frigid that the decals were peeling off Giant Tiger's trucks. *Id.* at ¶ 10.

Frigid alleges that when it hired JGV Design ("JGV") to replace the peeling decals, JGV informed Frigid that the cause of the peeling was that the materials used by Epic's subcontractor, Boss Image, were of inappropriate quality. *Id.* at 4–5, ¶¶ 14–15.

As a result of this issue, Frigid alleges that it suffered a foreseeable loss in business, which Mr. Johnstone will be able to testify to and his relevant communications will demonstrate. *Id.* at 5, ¶ 17. Specifically, Frigid alleges that Giant Tiger cancelled a series of planned leases with Frigid. *Id.* at ¶¶ 18–20.

Frigid requests this Court issue a Letter Rogatory to order the production of documents by James Johnstone, representative of Giant Tiger Stores, Ltd., and to compel his examination by oral deposition in the City of Ottawa, Ontario, Canada.

## II.
## ASSISTANCE REQUIRED

This Court should issue this Letter Rogatory for Plaintiff to obtain relevant testimony pertaining to the damages Plaintiff has incurred as a result of Defendant's breach of contract. The Federal Rules of Civil Procedure allow for depositions to "be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory.'" FED. R. CIV. P. 28(b). Parties may also obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b).

Letters rogatory are "request[s] by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004); *see The Signe*, 37 F. Supp. 819, 820 (E.D. La. 1941). Section 46 of the Canada Evidence Act and Section 60 of the Ontario Evidence Act specifically provide that a court outside of Canada may serve letters rogatory upon a Canadian court located in the Province of Ontario. *See* R.S.C. 1985, c. C-5, s. 46(1); R.S.O. 1990, c. E-23, s. 60(1). "[A]ll courts of the United States" possess the "inherent power to issue Letters Rogatory." *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).[1]

Prior to seeking the Court's intervention seeking this Letter Rogatory, Plaintiff had contacted Mr. Johnstone several times to seek his voluntary testimony, whether through the form of a declaration or deposition. Mr. Johnstone indicated that while he personally would not object

---

[1] The State Department may "receive a letter rogatory issued or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed," and subsequently "receive and return it after execution." 28 U.S.C. § 1781(a)(2).

-3-

to voluntarily testifying, he was instructed to await formal service of process.

## III.

## WITNESS REQUESTED – PROCEDURES

The Court respectfully requests that the Ontario Superior Court of Justice:

1. Order Johnstone to produce all documents involving communications between Johnstone and Epic Worldwide, LLC, at a time to be agreed upon by Johnstone and Frigid that is no later than May 31, 2022;

2. Order Johnstone to be summoned to attend an examination under oath before a person to be authorized to administer oaths at such a place as may be agreed upon by the witness and Frigid, at a time to be agreed upon by the witness and Frigid that is no later than the deadline set for the completion of fact discovery in the U.S. action;

3. Order Johnstone to be examined by Frigid's counsel on the relevant subject matter within his personal knowledge;

4. Permit Johnstone to refuse to give evidence only insofar as he has a privilege or duty to refuse to give evidence under the laws of Canada or the United States of America, or pursuant to the order or direction of the Ontario Superior Court of Justice; and

5. Permit the examination to be videotaped and a verbatim transcript of the examination to be taken.

## IV.

## REIMBURSEMENT FOR COSTS

Conduct money to be paid to Johnstone in accordance with the witness allowance fee schedule of the Ontario Superior Court of Justice will be borne by the Requesting Party.

## V.

## CONCLUSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) under the Court's diversity jurisdiction as Plaintiff and Defendant are citizens of different states. This Court is a competent United States court of law and equity and has the power to compel oral testimony by deposition outside of this jurisdiction.

As detailed above, this Court is unable to compel the testimony of James Johnstone of Giant Tiger Stores, Limited without the assistance of the Ontario Superior Court of Justice. In the interests of justice, this Court respectfully requests that the Ontario Superior Court of Justice compel James Johnstone to provide oral testimony by deposition by such date as may be agreed to by Plaintiff and Giant Tiger Stores, Limited.

This Court is willing to provide similar assistance to the judicial authorities in Ontario, Canada.

Authorized by the Honorable Cam Ferenbach.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2-3-2022 _____