**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LAUREEN FRISTER
Nevada Bar No. 132317
Laureen.Frister@lewisbrisbois.com
Daniel C. DeCarlo, Pro Hac Vice
Dan.DeCarlo@lewisbrisbois.com
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789

*Attorneys for* EPIC WORLDWIDE LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| FRIGID RENTALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EPIC WORLDWIDE LLC, <br><br> Defendant | CASE NO. 2:21-CV-01176-JCM-VCF <br><br> **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** <br><br> **(LETTER ROGATORY)** |

The United States District Court for the District of Nevada presents its compliments to the appropriate Judicial Authority of Ontario, Canada and requests International Judicial Assistance to obtain evidence in the form of the production of documents to be used in a civil proceeding before this Court in the above captioned matter.

In particular, this request seeks the production documents and testimony relevant to the above captioned matter. The documents and testimony are in the possession of Giant Tiger Stores Limited, a Canadian company based out of Ottawa, Ontario, and relate to Plaintiff Frigid Rentals Inc.'s claims for breach of contract and breach of implied warranty of fitness

1. **SENDER**

    United States District Court
    333 South Las Vegas Boulevard
    Las Vegas, Nevada 89101
    United States of America



4860-5353-0122.6

2. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

LAUREEN FRISTER
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada  89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Email: Laureen.Frister@lewisbrisbois.com

3. **SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

Date:

4. **INFORMATION PERTAINING TO THE REQUEST**

   a. **Requesting Judicial Authority**

   United States District Court
   333 South Las Vegas Boulevard
   Las Vegas, Nevada 89101
   United States of America

   b. **To the Competent Authority of**

   Ontario, Canada

   c. **Name of the Case and Any Identifying Number**

   Frigid Rentals, Inc. v. Epic Worldwide LLC
   Case No. 2:11-cv-01176-JCM-VCF

5. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES**

   a. **Plaintiff Frigid Rentals, Inc.**

   c/o Griffin Simon Rubin, Esq.
   Jan Michal Zapendowski, Esq.
   2200 Ross Avenue
   Suite 4900W
   Dallas, TX 75201

   and          c/o D. Chris Albright, Esq.
   Albright, Stoddard, Warnick & Albright
   801 South Rancho Drive

4860-5353-0122.6                           2

      Suite D-4
      Las Vegas, NV 89106

  b.  **Defendant Epic Worldwide LLC**

      c/o Laureen Frister, Esq.
      Dan. DeCarlo, Esq.
      Lewis Brisbois Bisgaard & Smith LLP
      6385 South Rainbow Blvd.
      Suite 600
      Las Vegas, NV 89118

6.  **DESCRIPTION OF PROCEEDINGS**

  a.  **Nature of Proceedings and Basis for Court's Jurisdiction**

The case is a civil action for breach of contract and breach of implied warranty of fitness. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction). Complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000. Venue and personal jurisdiction over the Defendant is proper in this Court because Defendant's principal place of business is in Las Vegas, Nevada and the events giving rise to this action occurred in substantial part in this district. This Court is a competent United States court of law and equity and has the power to compel the disclosure of documents outside of this jurisdiction.

  b.  **Summary of Action**

Plaintiff Frigid Rentals, Inc. (hereinafter "Plaintiff" or "Frigid") alleges breaches of contract and warranty flowing from a single contract involving Giant Tiger Stores Limited (hereinafter "Giant Tiger"). Although central to the claims at issue in this dispute, Giant Tiger is not a party in this case. Frigid claims that Frigid and Defendant Epic Worldwide LLC (hereinafter "Defendant or Epic") entered into a contract for Epic "to provide seventy-seven (77) trailer decals for Frigid's client Giant Tiger, a Canadian discount store chain which operates a trucking fleet in Ontario and Quebec." [ECF No. 17 at ¶ 1.] Frigid claims Epic breached the contract and similarly breached a warranty for fitness related to that contract stating that the alleged breach "irreparably harm[ed] Frigid's business relationship with Giant Tiger and causing Frigid to lose $10,622,100 in planned contracts [with Giant

Tiger], in addition to causing an estimated $400,000 in replacement costs." [ECF Nos. 17 at ¶¶ 1, 6, 22 and 29.]

The claims reference only a single sales order as the apparent contract which serves as the foundation of the claims. [ECF Nos. 17 at ¶¶ 6, 22 and 29 and 17-1, hereinafter "the Contract."] The "Contract," however, is only a sales order which identifies TIF Group ("TIF") as the addressee—though the sales order does not state what exactly is meant by that, and Giant Tiger is identified as the "ship to" designee of the items identified in the Contract. The items outlined in the Contract consist generally of items to be affixed and installed on Giant Tiger trucks. [ECF No. 17-1.] As is self-evident from the Contract, Frigid is not a party to the Contract—only Giant Tiger, TIF, and Epic are identified in the Contract.

As Giant Tiger's involvement in the Contract and "planned contracts," with an alleged value of over $10,622,100, is central to the dispute between Frigid and Epic. Any documentation or testimony from Giant Tiger pertaining to the Contract and "planned contracts" is relevant and necessary evidence in relation to all issues in this case. Specifically, this documentation will reveal whether Frigid was involved, if at all, in the negotiations of the Contract and if any "planned contracts" actually exist as alleged by Frigid. Furthermore, Giant Tiger can also speak to the reason why the planned contracts were actually terminated, rather than the parties speculate about Giant Tiger's intent and business decisions.

All of the documentary evidence and testimony sought from Giant Tiger is relevant and necessary, and, if admissible, all or some of these documents will be adduced at trial and are necessary in the interests of justice to enable this Court to determine the issues pending before it.

    c. **Prior Efforts to Obtain Documents and Testimony from Giant Tiger**

On November 16, 2021, Counsel for Epic attempted to obtain documents and testimony pertaining to Giant Tiger's involvement with the Contract and the alleged "planned contracts." Sarah M. White, Giant Tiger's general counsel, replied "this litigation doesn't involve us, we will not entertain any discussions concerning it. Should we be called as a witness at a later date, we will comply as required."

In addition, Counsel for Epic has attempted to procure documents about the Contract and

"planned contracts" directly from Frigid, but to date, there is no documentation explaining the "irreparabl[e] harm" that Frigid allegedly suffered causing Frigid to lose $10,622,100 in planned contracts with Giant Tiger. As such, the relevant documentation illustrating Giant Tiger's decision to allegedly terminate the "planned contracts" or the harm between Frigid and Giant Tiger allegedly caused by Epic is not otherwise obtainable. Further, it is highly unlikely that Frigid will have all of the requested documentation in its possession at this time—as the decision and rationale to allegedly cease business with Frigid would be an internal decision made by Giant Tiger—further necessitating the need to obtain these documents and testimony directly from Giant Tiger. Therefore, this Request for International Judicial Assistance (Letter Rogatory) is necessary.

7. **EVIDENCE TO BE OBTAINED**

This Court respectfully requests that the Appropriate Judicial Authority of Ontario, Canada compel Giant Tiger to produce documents and testimony related to Plaintiff's claims for breach of contract and breach of implied warranty of fitness from January 1, 2019 to the present, including, but not limited to the following:

(a) all documentation (including all communications) and testimony related to Plaintiff's allegation in Paragraph 6 of the Complaint [ECF No. 17], that "representatives of Frigid and Epic met and agreed that Epic would provide various materials and services, including providing and installing decals for seventy-seven (77) trailers for Frigid's client, Giant Tiger Stores, Limited ("Giant Tiger"), at a total cost of $420,247.60";

(b) all documentation (including all communications) and testimony related to Plaintiff's allegation in Paragraphs 17 and 18 of the Complaint, that the decals allegedly provided by Epic Worldwide LLC "damaged Frigid's business reputation and foreseeably caused it to lose business—including the loss of specific deals [with Giant Tiger Stores Limited] that had already been successfully negotiated before the problem with the decals arose" and "Epic's failure ultimately did irreparable damage to the business relationship [between Frigid Rentals, Inc. and Giant Tiger Stores Limited]";

(c) all documentation (including all communications) and testimony related to Plaintiff's allegation in Paragraph 19 of the Complaint that the "canceled contracts [with Giant Tiger Stores Limited] alone cost Frigid $7,262,100 in lost business"

(d) all documentation (including all communications) and testimony related to Plaintiff's allegation in Paragraph 20 of the Complaint that "Frigid was also in the process of finalizing a $3,360,000 contract with Giant Tiger, for thirty-five (35) additional trailers, which was canceled when Giant Tiger learned about the problem with the peeling decals";

(e) all documentation (including all communications) and testimony related to Plaintiff's allegation in Paragraphs 27 and 33 of the Complaint that Frigid Rentals, INC. had "$10.6 million worth of contracts with Giant Tiger";

(f) the identity of any and all persons with knowledge of the alleged agreement between Frigid Rentals Inc. and Epic Worldwide LLC, as alleged in Paragraph 6 of the Complaint, that ""representatives of Frigid and Epic met and agreed that Epic would provide various materials and services, including providing and installing decals for seventy-seven (77) trailers for Frigid's client, Giant Tiger Stores, Limited ("Giant Tiger"), at a total cost of $420,247.60";

(g) the identity of any and all persons with knowledge of the allegations in Paragraph 20 of the Complaint that "Frigid was also in the process of finalizing a $3,360,000 contract with Giant Tiger, for thirty-five (35) additional trailers, which was canceled when Giant Tiger learned about the problem with the peeling decals";

(h) testimony under oath of James Johnstone, a representative of Giant Tiger. Upon information and belief, Mr. Johnstone is a key fact witness who was involved in the underlying contract dispute now at issue in this Court. Such testimony should include the following matters:

   a. the alleged decal defects claimed by Frigid against Epic;
   b. his communications, discussions, and correspondence with either Frigid or Epic regarding the claims at issue in the case;
   c. negotiations with Epic for the Contract; and
   d. Giant Tiger's rationale behind the business decision to cease the alleged "planned contracts" with Frigid.

(i) all documents and all communications in Mr. Johnstone's possession, custody, or control relating to Giant Tiger's planned leases with Frigid, including relating to the alleged cancellation thereof by Giant Tiger.

(j) testimony under oath of a corporate representative of Giant Tiger. Upon information and belief, Mr. Johnstone may not be able to offer full and complete testimony on the above topics. Therefore, this Court respectfully requests that the Superior Court of Justice for the Province of Ontario require Giant Tiger to designate one of more officers, directors, or managing agents, or other persons who consent to testify on its behalf as to matters known or reasonable available to Giant Tiger, including the following:

   a. the alleged decal defects claimed by Frigid against Epic;
   b. any communications, discussions, and correspondence by Giant Tiger with either Frigid or Epic regarding the claims at issue in the case;
   c. negotiations with Epic for the Contract; and
   d. Giant Tiger's rationale behind the business decision to cease the alleged "planned contracts" with Frigid.

(k) all communications between Frigid Rentals, INC. and Giant Tiger Stores Limited from January 1, 2019 to the present that pertain in any way to the allegations in the Complaint, including without limitation, any communications pertaining to vehicles leased by Giant Tiger Stores Limited from Frigid Rentals, INC. or peeling decals; and

(l) identification and description of all contracts, agreements, and leases between Frigid Rentals, Inc. and Giant Tiger Stores Limited. For each contract, agreement and lease that Giant Tiger Stores Limited identifies, the descriptions shall include, without limitation, a detailed description of the nature of the contract, agreement or terms and conditions of sale, the parties to the contract, agreement or terms and conditions of sale, the date the contract, agreement or terms and conditions of sale was entered into, the persons who negotiated the contract, agreement or terms and conditions of sale, and persons that are knowledgeable about the contract, the agreement or terms and conditions of sale, and the


LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

reason(s) for termination or cancellation, to the extent the contract or agreement was terminated or canceled.

8. **IDENTITY AND CONTACT ADDRESS OF ENTITY FROM WHICH EVIDENCE IS TO BE OBTAINED**

Giant Tiger Stores Limited
c/o Sarah Morgan-White
2480 Walkley Road
Ottawa, Ontario K1G 6A9
Phone/Fax: (613) 696-6213
Email: smwhite@gianttiger.com

Upon information and belief, Giant Tiger maintains its main office in the city of Ottawa, which is located in the Province of Ontario, Canada.

9. **SPECIAL PROCEDURES TO FOLLOW**

None.

10. **COURT'S WILLINGNESS TO PROVIDE SIMILAR ASSISTANCE**

This Court is willing to provide similar assistance to the judicial authorities in Ontario, Canada.

Authorized by the Honorable Cam Ferenbach

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2-24-2022

4860-5353-0122.6

7