**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| FRIGID RENTALS, INC., | § Case 2:21-CV-01176-JCM-VCF |
| | § |
| *Plaintiff*, | § ~~[PROPOSED]~~ STIPULATED |
| | § PROTECTIVE ORDER |
| vs. | § |
| | § |
| EPIC WORLDWIDE LLC, | § |
| | § |
| *Defendant* | § |

Defendant Plaintiff Frigid Rentals, Inc. ("Frigid" or "Plaintiff") and Defendant Epic Worldwide LLC ("Epic" or "Defendant") respectfully submit the following Protective Order:

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

**DEFINITIONS**

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential by any party to which it belongs.

2. The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter

identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

SBAITI & COMPANY PLLC

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

LEWIS BRISBOIS BISGAARD & SMITH LLP

"Counsel" also includes in-house attorneys and their paralegals, secretaries, and other support staff for Plaintiff and Defendant.

**GENERAL RULES**

4. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including,

1    but not limited to, trade secret or other confidential research, development, financial
2    or other commercial information.

3    5.  Whenever a deposition taken on behalf of any party involves a disclosure of
4    Confidential Information of any party:

   a. The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

   b. The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, the videographer, and the person(s) agreed upon pursuant to paragraphs 7 and 8 below; and

   c. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6.  All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either

by agreement of the parties, or by order of the Court.

7. CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY information and information derived therefrom may only be disclosed or made available to the following persons:

    a. Counsel for the parties in this litigation and their respective staff;

    b. Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation and/or post-judgment recovery efforts (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of classified information to such person, have signed a document agreeing to be bound by the terms of this Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    c. This Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

    d. Litigation vendors, court reporters, videographers; and other litigation support personnel;

    e. Any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential; and

    f. Such other person as this Court may designate after notice and an opportunity to be heard.

8. CONFIDENTIAL INFORMATION and information derived therefrom may only be disclosed or made available to the following persons:

    a. Counsel for the parties in this litigation and their respective staff;

    b. In-house counsel for the parties and their staff;

    c. Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation and/or post-judgment recovery efforts (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of classified information to such person, have signed a document agreeing to be bound by the terms of this Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

  d. This Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

  e. The party, if a natural person;

  f. If the party is an entity, such officers or employees of the party who are actively involved in the prosecution, defense, or post-judgment recovery efforts of this case;

  g. Litigation vendors, court reporters, and other litigation support personnel;

  h. Any person who was an author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential; and

  i. Such other person as this Court may designate after notice and an opportunity to be heard.

9. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10. No document shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law with respect to filing documents under seal. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or otherwise subject to protection under the law. The request must be narrowly tailored to seek sealing only of sensitive personal or confidential information. An unredacted version of the document, identifying the portions subject to the motion to seal, must be lodged with the motion to seal. A redacted version of the document must be publicly filed simultaneously with the motion or *ex parte* application to file under seal.

11. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in

writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. All Confidential Information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR

ATTORNEYS' EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

19. Upon final termination of this action, including any and all appeals, Counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information (excluding work product), or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the

Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

21. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

22. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**ORDER**

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

DATED: 8-2-2022 _____

Dated: July 20, 2022

AGREED AS TO FORM AND CONTENT:

**SBAITI & COMPANY PLLC**

*/s/ Griffin S. Rubin*
Griffin S. Rubin (Admitted *Pro Hac Vice*)
Texas Bar No. 24121809
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: 214-432-2899
F: 214-853-4367
E: gsr@sbaitilaw.com

*Counsel for Plaintiff Frigid Rentals, Inc.*


**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ William G. Cravens (w/permission)*
William G. Cravens (Admitted *Pro Hac Vice*)
Colorado Bar No. 54315
1700 Lincoln Street, Suite 4000
Denver, CO  80203
T: 303-861-7760
F: 303-861-7767
E: william.cravens@lewisbrisbois.com

*Counsel for Defendant Epic Worldwide, LLC*

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FRIGID RENTALS, INC., | § | Case 2:21-CV-01176-JCM-VCF |
| *Plaintiff*, | § § | **PROTECTIVE ORDER** |
| vs. | § § § | |
| EPIC WORLDWIDE LLC, | § § | |
| *Defendant* | § § | |

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Agreed Protective Order in this case signed by the Court, and I will comply with all provisions of the Agreed Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Agreed Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

-11-

7. No later than the final conclusion of the case, I will return all Confidential Material, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Dated this \_\_\_\_ day of _____, _____.